AUSA:    Susan Fairchild          Telephone: (313) 226-9577
AO 91 (Rev. 11/11)  Criminal Complaint       Officer:       Christopher Reichmann     Telephone:  (313) 220-0414

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America
    v.

Alejandro Flores-Sandoval

Case No.    Case: 2:24−mj−30157
Assigned To : Unassigned
Assign. Date : 4/26/2024
USA V. FLORES−SANDOVAL (CMP)(CMC)

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 21, 2024 _____ in the county of _____ Wayne _____ in the
_____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-entry after Removal from the United States |
| Title 18, United States Code, Section 1546(a) | Fraud and Misuse of Identification Documents |
| Title 18, United States Code, Section 911 | False Claim to United States Citizenship |
| Title 18, United States Code, Section 922(g)(5)(A) | Illegal Alien in Possession of Ammunition |

This criminal complaint is based on these facts:

On or about April 21, 2024, in the Eastern District of Michigan, Southern Division, Alejandro Flores-Sandoval, an alien from Mexico was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about February 02, 2000 and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of 8 USC §1326(a). Further, Flores-Sandoval, did present a false and fraudulent social security card as evidence of authorized stay or employment in the U.S., and did falsely represent himself to be a citizen of the U.S., in violation of 18 USC §1546(a) and 18 USC§ 911. On April 21, 2024, Flores-Sandoval, did knowingly and intentionally possess five rounds of ammunition, which had been shipped or transported in interstate or foreign commerce, in violation of 18 USC §922(g) (5)(A) and 924(a)(8).

[✓] Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Reichmann, Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __April 26, 2024_____

_____
*Judge's signature*

City and state:  __Detroit, Michigan_____

Kimberly Altman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Christopher B. Reichmann, being duly sworn, depose and state the following under penalty of perjury:

1.      I am a Deportation Officer with U.S. Immigration and Customs Enforcement (ICE), of the United States Department of Homeland Security. I have served with U.S. Immigration and Customs Enforcement since November of 2008. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers and record checks of law enforcement databases. I have also reviewed the official Immigration file and system automated data relating to Alejandro FLORES-SANDOVAL, which attests to the following:

2.      Alejandro FLORES-SANDOVAL DOB: XX/XX/1974, A#XXX XXX 775 is a citizen and national of Mexico, who last entered the United States on an unknown date, at an unknown place, without inspection by the United States Department of Homeland Security. Investigation has determined that FLORES-SANDOVAL also uses the alias names of Julio Roman-Diaz, Caciano Aguilar-Garcia and Clisero Flores.

3.      On April 13, 1993, the Chicago Police Department arrested FLORES-SANDOVAL under the alias name of Clisero FLORES for Battery. No disposition is listed.

4.      On January 25, 2000, United States Border Patrol (USBP) arrested FLORES-SANDOVAL at or near Guymon, Oklahoma and served him with an I-862 Notice to Appear.

5.      On February 02, 2000, an Immigration Judge in El Paso, Texas, ordered FLORES-SANDOVAL removed from the United States to Mexico. INS removed FLORES-SANDOVAL on the same day to Mexico through El Paso, Texas via foot.

6.      On February 06, 2000, USBP arrested FLORES-SANDOVAL under the alias name of Caciano Aguilar-Garcia, at or near Safford, Arizona and voluntary returned him to Mexico on the same day.

7.      On June 21, 2006, the Cicero Police Department in Illinois arrested FLORES-SANDOVAL under the alias name of Clisero FLORES for Operate

Uninsured Motor Vehicle, Disregarding Official Traffic-Control Device, Registration Expiration and being Unlicensed. No disposition is listed.

8.     On January 26, 2007, the Chicago Police Department in Illinois arrested FLORES-SANDOVAL under the alias name of Clisero FLORES for Possession of Controlled Substance, Unlicensed, Operate Uninsured Motor Vehicle, No Valid Registration-1st and 2nd. The case was declined for prosecution on June 05, 2007, Cook County Circuit Court, Chicago, Illinois.

9.     On May 20, 2007, the Chicago Police Department in Illinois arrested FLORES-SANDOVAL under the alias name of Clisero FLORES for Domestic Battery/Physical Contact. The case was declined for prosecution on June 05, 2007, Cook County Circuit Court, Chicago, Illinois.

10.    On December 02, 2007, the Chicago Police Department in Illinois arrested FLORES-SANDOVAL under the alias name of Clisero FLORES for Ordinance, Unlicensed, Operate Uninsured Motor Vehicle, No Valid Registration 1st and 2nd. No disposition is listed.

11.    On February 28, 2024, the Ecorse Police Department in Michigan arrested FLORES-SANDOVAL under the alias name of Julio Roman-Diaz for Domestic Violence. The case is currently pending in the 25th District Court in Lincoln Park, Michigan. On March 20, 2024, the 25th District Court issued a Failure to Appear Warrant for the Domestic Violence charge.

12.    On April 21, 2024, ICE arrested FLORES-SANDOVAL in Ecorse, Michigan and served him Form I-871 Notice of Intent/Decision to Reinstate Prior Order.

13.    At the time of arrest on April 21, 2024, FLORES-SANDOVAL presented ICE officers with a Michigan driver's license with the alias name of Julio Roman-Diaz, DOB: XX/XX/1969 and claimed to be a United States Citizen born in Puerto Rico. The driver's license has the correct picture of FLORES-SANDOVAL, with the false name of Julio Roman-Diaz and a false date of birth.

14.    FLORES-SANDOVAL also presented as a means of identification, a false Social Security card bearing the name of Julio Roman-Diaz, SSN: XXX-XX-0408. Data base inquiries listed SSN: XXX-XX-0408, as valid and issued in Puerto Rico in 1976.

15.     During the arrest process, and prior to being patted down, ICE officers asked FLORES-SANDOVAL if he was in possession of any weapons such as a gun or knife. FLORES-SANDOVAL stated "No". ICE Officers then located and retrieved a silver revolver handgun, loaded with 5 rounds of ammunition from FLORES-SANDOVAL's front coat pocket.

16.     On April 24, 2024, affiant spoke with Special Agent Kara Klupacs of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to request an interstate nexus determination on the handgun and ammunition recovered. Special Agent Klupacs advised that the Iver-Johnson revolver is an antique which was likely manufactured in or about 1893-1894, however, the ammunition was manufactured outside the State of Michigan and therefore it had been shipped or transported in interstate or foreign commerce prior to its recovery on April 21, 2024.

17.     FLORES-SANDOVAL's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS).  The results revealed that Alejandro FLORES-SANDOVAL (A#XXX XXX 775) is a citizen of Mexico with the foregoing immigration history who has been previously removed from the United States.  The record checks did not provide any evidence that FLORES-SANDOVAL obtained the express consent of the Attorney General of the United States or the Security of Homeland Security to re-apply for admission to the United States following his removal from the United States on or about February 02, 2000.

18.     The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

19.     Based on the above information, there is probable cause to conclude that Alejandro FLORES-SANDOVAL, is an alien who is present in the United States after having been denied admission, excluded, deported, and removed there from on or about February 02, 2000 at or near El Paso, Texas and not

having obtained the express consent of the Attorney General of the United States or the Security of Homeland Security to re-apply for admission there to; in violation of Title 8, United States Code, Section 1326(a).

20.    Based on the above information, there is probable cause to conclude that FLORES-SANDOVAL did possess, attempt to use or used a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States, that is a United States Social Security card in the name of Julio Roman-Diaz, which he knew to be unlawfully obtained, or procured by fraud, because the social security card contained the name of another individual, in violation of Title 18, United States Code, Section 1546(a).

21.    Based on the above information, there is probable cause to believe that FLORES-SANDOVAL, a citizen and native of Mexico, and therefore an alien in the United States, falsely and willfully represented himself to immigration authorities to be a citizen of the United States, in violation of Title 18, United States Code, Section 911.

22.    Based on the above information, there is probable cause to believe FLORES-SANDOVAL, an alien who is illegally or unlawfully in the United States, on April 21, 2024, in the Eastern District of Michigan, did knowingly and intentionally possess five rounds of ammunition, which had been shipped or transported in interstate or foreign commerce, in violation of Title 18 United States Code, Section 922(g) (5)(A) and 924(a)(8).

Christopher Reichmann, Deportation Officer
U.S. Department of Homeland Security

Subscribed and sworn to before me and signed in my presence and/or by reliable electronic means.

Honorable Kimberly Altman
United States Magistrate Judge

Date:   April 26, 2024

4